Sosa *v.* The American Railroad Co. of Porto Rico.

Appeal from the District Court of Aguadilla.

No. 186.—Decided April 22, 1908.

Findings upon the Evidence—Conflicting Testimony.—As a general rule it is the exclusive province of the trial court to make the findings upon the evidence, and this court will not reverse the conclusions of the trial judge unless it is shown that he had committed manifest errors of fact or of law, and this is not so in the present case, where the testimony was very conflicting.

The facts are stated in the opinion.

*Mr. Lino Vázquez* for appellant.

The respondent did not appear.

Mr. Chief Justice Quiñones delivered the opinion of the court.

On March 26, 1906, Juan R. Sosa, on behalf of his minor son, Miguel Amelio Sosa Cajigas, whose real name was Miguel Elias Sosa y Cajigas as afterwards explained, filed the complaint which was the origin of the litigation in the above-styled case in the District Court of Aguadilla against the American Railroad Co. of Porto Rico for the recovery of $1,000 damages for noncompliance with a contract, basing said complaint on the following facts:

"First. On October 1, 1905, the assistant manager of said company, Jorge Servajean, who is also in charge of the work which is being done between this city and Camuy, as the representative of said company, made a verbal contract with the plaintiff and his father in consideration of an agreement on their part not to bring suit against the defendant company for damages for the loss of three fingers of his left hand, the plaintiff might work in the service of the company as long as he desired.

"Second. On October 1, 1905, said plaintiff entered the service of the defendant company under said contract, and he continued in its service until February 15 and is willing to continue therein.

"Third. On February 15, 1906, the defendant company, through the said Servajean, without any cause took the plaintiff off the work

and refused to permit him to continue in its service in the manner agreed upon, notwithstanding the offer of the plaintiff to continue working, and this act has caused the plaintiff damages in the sum of $1,000.''

For these reasons he closed with the prayer to the court that the complaint be admitted, and the notice thereof be served on A. Duval, of San Juan, P. R., the manager of said company, summoning him to make answer within 20 days, and that judgment be rendered in favor of the plaintiff adjudging the defendant company to pay $1,000 damages in compensation for his physical and mental sufferings, and to pay the costs of this action.

The defendant company contested the complaint in its answer, alleging:

''1. That the defendant company denies the first essential fact of the complaint in so far as it alleges that the assistant manager of the company, J. Servajean, had agreed to give the plaintiff work as long as he might desire it in consideration of an agreement by the said plaintiff not to bring suit against the company on account of the loss of three fingers suffered by him while working in the service of the company.

''2. That if said plaintiff suffered the loss of three fingers he received the injury while not in the service of said company and through his own recklessness and negligence.

''3. That the plaintiff left the service of the defendant because the plaintiff was not suited to the work on which he had been put.''

And the defendant closed with the prayer that after compliance with the legal formalities, the court dismiss the complaint with the costs against the plaintiff.

The trial having been held after hearing the evidence of both parties, the judge rendered the following decision and opinion:

''*Decision.*—The court holds that the law and the facts are in favor of the American Railroad Co. of Porto Rico, and consequently that Juan R. Sosa, representing his son, Miguel Elias Sosa, is not en-

titled to judgment from this court to obtain or recover damages in the sum of $1,000 from the defendant company, and that the plaintiff shall pay the costs, taxed at ———.

"*Opinion.*—In this action, after counsel for the parties, their allegations, the evidence and arguments had been heard on the 19th instant, corresponding to the first ordinary term, the case was submitted for judgment to this court, which now arrives at the following findings of fact:

"1. Miguel E. Sosa y Cajigas was a laborer on the railroad which The American Railroad Co. of Porto Rico was building, in 1905, between this city of Aguadilla and the town of Isabela, and on the 23d of August of said year, 1905, Miguel E. Sosa y Cajigas, who was engaged on the work as a blaster, slipped and fell to the ground while carrying material, and through the concussion of the explosives with another body suffered an injury to his left hand, as a consequence of which the first phalanx of his thumb, the first and second of the index fingers and the first and second phalanges of the middle finger had to be amputated.

"2. After this accident Miguel E. Sosa was again employed by the railway company in the yards in the town of Aguadilla, earning half a *peso* a day, and was so employed from October 1, 1905, until November 15th of the same year, according to the evidence in the case, or until the 15th of February, according to the first statement of fact of the complaint, some nights performing his duties properly, and others failing to do so, for which reason the company discharged him from said position.

"3. For this reason, Juan R. Sosa, representing his minor son, Miguel Elias Sosa y Cajigas, filed a complaint against said company· which had discharged said Miguel Elias Sosa and had refused to permit him to continue to work in the manner agreed, for damages in the sum of $1,000, which claim the defendant company has contested denying that it had entered into any agreement with Sosa; and maintaining that if the latter left the service of the company it was due to the fact that he was not suited to the work on which he had been put.

"Upon the facts above set forth the court now reaches the following conclusions of law:

"1. The material allegation of the complaint is that The American Railroad Co. of Porto Rico had made a verbal agreement with Miguel Elias Sosa y Cajigas and his father, Juan R. Sosa, as a result of the loss of three fingers by said Miguel Elias Sosa while work-

ing in the service of said company, to the effect that he would be employed by it as long as he might wish under said verbal contract. I do not consider the evidence sufficient to regard as valid and effective the contract referred to, for the nonperformance of which the sum of $1,000 is claimed of The American Railroad Co. of Porto Rico.

"As the complaint has been filed on behalf of a minor, and the latter cannot enter into a contract unless it be established that he is emancipated, the company must consider very carefully that according to the record, which agrees perfectly with the showing of the trial, the father of said minor stated under oath that his son was employed for such time as he might wish to continue and the company should need him, because he was not going to be the owner.

"In the allegations of the complaint it is also affirmed that the agreement was entered into between The American Railroad Co. of Porto Rico and the plaintiff and his father; and this fact should not only have been proved because material, but the clear, precise and absolute terms of the contract should also have been proved.

"2. That as there is no violation of any contract, the claim for damages for nonperformance of an agreement, or an obligation which is governed by the nature of the stipulation, must fall.

"3. That in view of what has been stated, Juan R. Sosa, representing his minor son, Miguel Elias Sosa, is not entitled to a judgment from this court to obtain or recover damages in the sum of $1,000 from the defendant company.

"4. And, finally, it is adjudged, ordered, and decreed that Miguel Elias Sosa y Cajigas pay the costs, taxed at the sum of ———, and that judgment be entered in accordance with this decision.  Aguadilla, July 30, 1907.  Arturo Aponte, District Judge."

The judgment rendered in the pursuance of these conclusions reads as follows:

"On July 19, 1907, this cause was called for trial, the plaintiff appearing through his counsel, Lino Vázquez, and the defendant company through its counsel, Carlos Franco Soto, who stated that they were ready for trial.  Thereupon the parties, in their order, read their allegations and the evidence presented was heard, the court ordering a continuance of the trial to the 20th instant at 9 o'clock a. m. On this day the case was again called for trial, the parties appearing through Messrs. Vázquez and Franco Soto, and the court, after having heard the arguments of said counsel, reserved judgment.

"On this 30th day of July, 1907, the court holds that the law and the facts are in favor of The American Railroad Co. of Porto Rico, and consequently that Juan R. Sosa, representing his son, Miguel Elias Sosa, is not entitled to judgment from this court to obtain or recover damages in the sum of $1,000 from the defendant company, and adjudges the plaintiff to pay the costs, taxed at ———.   Aguadilla, July 30, 1907.   Arturo Aponte, Judge of the Court."

Counsel for the plaintiff took an appeal from this judgment on the 9th of August following—that is to say, within 15 days after it was rendered—and the transcript of the record having been transmitted to this Supreme Court, with a copy of the bill of exceptions and the testimony of the witnesses and other evidence, counsel for the appellant filed his brief, and hearing was had at which he adduced such arguments as were deemed pertinent to his case.

In his brief the appellant opposes the finding of the judge of the trial court on the evidence in holding that the contract which the plaintiff alleges to have entered into with the defendant company through one of its representatives and which said company has failed to perform, has not been proved as to its most material points, and consequently that there is no ground for the complaint.

But the undersigned is of the opinion that this finding of the judge of the Aguadilla court should be sustained.

As a general rule it devolves exclusively on the trial court to weigh the evidence, and the duty of the appellate court is to uphold its conclusions unless it be shown that a manifest error of fact or of law has been committed, and this has not been done in the present case. On the contrary, there is such a noteworthy disparity between the testimony of some of the most important witnesses for the plaintiff that it is not possible to reach any other conclusion than that arrived at by the judge of the Aguadilla court.

There are two witnesses, for example, those named, León Reichard and José González, produced by the plaintiff as present at the time of the execution of the contract between

the assistant manager of the company, Servajean, and Miguel
Elias Sosa, who say that while incidentally in the America
Café of Aguadilla, one day, according to the opinion of the
former on October 1, 1906, and according to the latter, October
1 of the preceding year, while Servajean and the plaintiff,
Miguel Elias Sosa were talking to each other, they heard the
former tell the latter that he would give him a position as long
as he wanted it provided he did not bring proceedings against
the company; and apart from the great difference noted in the
testimony of these two witnesses as to the date when it is
alleged that the contract was entered into, the existence of
which it was sought to establish, the father of the plaintiff,
Juan R. Sosa, who is alleged in the complaint to have taken
personal part in the arrangement of the contract between
Servajean and his son, subsequently testified, and in ex-
plaining the meaning of one of his previous statements, said
that what Servajean had offered his son was to give him a
position for the time he wished to keep it "or the company
should need him, because he was not going to be the owner";
which latter is a very graphic expression clearly showing
that it was optional with the company to keep him in its ser-
vice or not as its needs might require, "inasmuch as he (the
son), was not going to be the owner"; and if matters really
occurred as stated by the father of the plaintiff, we then find
that the latter did not have any title or right to demand that
the company retain him in its service as long as he wished it,
but, on the contrary, it had the right to discharge him when-
ever it should deem it proper, without incurring any liability
and in the exrcise of a perfectly legitimate right.

The trial court, then, far from having committed any
manifest error of fact or of law in holding that the contract,
the existance of which is in question does not appear to be
sufficiently established as to its more material conditions, has
apparently weighed the evidence correctly, for which reason
the undersigned judge is of the opinion that the judgment of

the District Court of Aguadilla rendered in these proceedings on July 30, 1907, should be affirmed, with the costs against the appellant.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.